**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**CENTRAL DIVISION**
**LEXINGTON**

| | |
|---|---|
| UNITED STATES OF AMERICA,  )<br>  )<br>  )<br> Plaintiff,  )<br>  )<br> v.  )<br>  )<br>  )<br> SAMUEL ERIC POORE,  )<br>  )<br>  )<br> Defendant.  )<br>  ) | NO. 5:15-CR-80-KKC-MAS |

## REPORT & RECOMMENDATION

The Court, on referral from the District Court, considers reported violations of supervised release conditions by Defendant Samuel Eric Poore ("Poore"). On June 16, 2016, Poore appeared before Chief United States District Judge Karen K. Caldwell, and was sentenced to a 36-month term of imprisonment followed by a 3-year term of supervised release upon his plea of guilty to the charge of being a felon in possession of a firearm. Poore's terms of supervision included the general provision that he would not commit another federal, state, or local crime. [DE 83].

## BACKGROUND

On March 6, 2020 the United States Probation Office ("USPO") issued a Supervised Release Violation Report charging Poore with violations of the conditions of his supervised release. Specifically, Poore had three violations in the span of a few weeks. First, on February 18, 2020, USPO was notified that Poore was indicted for two counts: Criminal Possession of a Forged Instrument and Being a Persistent Felony Offender. This constitutes a Grade B violation.

On February 20, 2020, Poore contacted USPO to inform them of him being arrested for driving under the influence after a single vehicle automobile accident. On March 3, 2020, Poore again reported a violation to USPO. Having had his license suspended for the aforementioned DUI, Poore was cited for operating a vehicle on said suspended license. Both these incidences constitute as Grade C violations.

## PROCEDURAL HISTORY

The Court conducted an initial appearance on the most recent alleged supervised release violations pursuant to Federal Rule of Criminal Procedure ("Rule") 32.1 on March 13, 2020. [DE 133; *see also* DE 152]. During the initial appearance, the Court advised Poore of his constitutional rights and his right to a preliminary hearing. Poore requested a preliminary hearing. The Court heard testimony of one witness, USPO Officer Donte Key ("Key") and arguments of counsel. Key explained each of the three alleged violations in detail, leading the Court to find probable cause existed that Poore violated the terms and conditions of his supervised release. [DE 133, Recording at 6:00-19:00].

The United States moved for interim detention. A detention hearing and final revocation hearing was set for March 20, 2020. [DE 137]. At the final hearing, the Court found Poore to be competent to enter a knowing, voluntary, and intelligent stipulation to the charged violations. For purposes of the Rule 32.1 proceedings, Poore admitted the factual basis for the violations involving driving under the influence and driving with a suspended license, as described in the Reports. The United States moved to dismiss the Grade B violation involving Poore's recent indictment, which the Court granted. Accordingly, the Court finds the United States established the violation pursuant to 18 U.S.C. § 3583(e). [DE 137]. In light of the stipulations, Poore waived his requested detention hearing and the Court ordered he be detained until a determination of his revocation status is reached.

With the dismissal of the Grade B violation, the parties agree that the United States Sentencing Guidelines propose a sentence of 8 to 14 months, with a statutory maximum of 24 months. *See* 18 U.S.C. § 3583(e)(3). The maximum term of supervised release that may be imposed is three years. *See* 18 U.S.C. § 3583(b)(1). Further, should Poore's supervised release be revoked, the Court can re-impose an additional term of supervised release. *See* 18 U.S.C. § 3583(h). Both parties provided a joint recommendation of 14 months imprisonment, with no supervised release to follow. Poore chose to not exercise his right to allocate at the hearing. [DE 137].

## ANALYSIS

The Court has evaluated the entire record and considered the arguments presented at the final hearing, the record concerning Poore's violations, the presentence investigation report, and the factors set forth in 18 U.S.C. § 3583(e).

Poore's original conviction is a Class C felony; under 18 U.S.C. § 3583(e) the maximum term of imprisonment the Court can impose upon revocation is 24 months. After the dismissal of his Grade B violation, the most serious of the alleged conduct by Poore amounts to a Grade C violation. Accordingly, a Grade C Violation will be utilized for purposes of this proceeding. U.S.S.G § 7B1.2(b) ("Where there is more than one violation of the conditions of supervision, or the violation includes conduct that constitutes more than one offense, the grade of the violation is determined by the violation having the most serious grade."). The criminal history category established at sentencing is a Category VI.

In recommending a sentence, the Court must consider the nature and circumstances of Poore's original conviction, the statutory factors in 18 U.S.C. § 3553 incorporated into § 3583(e), and the Sentencing Guidelines range. *See United States v. Johnson*, 640 F.3d 195 (6th Cir. 2011). Although Poore's violations are not overtly serious, accumulating them in such a short time

demonstrate Poore's lack of ability to conform his actions with the law. "[A]t revocation the court should sanction primarily the defendant's breach of trust, while taking into account, to a limited degree, the seriousness of the underlying violation and the criminal history of the violator." U.S.S.G. Ch. 7 Pt. A(3)(b). This fact is exasperated when analyzing Poore's history and characteristics. Poore's criminal record is riddled with charges involving theft, forgery, and general dishonesty. Likewise, Poore has multiple counts involving public intoxication, reckless driving, and operating a vehicle on a suspended license, showing the current violations are not a fluke. Instead, the current charges appear to be demonstrative and prove Poore's continuous behavior. Cumulatively, Poore's current and past charges illustrate a pattern of bad judgement and disregard for the law that gives the Court pause in trusting his ability to adhere to more lenient sentencing conditions.

There must be a deterrent imposed to reprimand Poore's misconduct and motivate behavioral change. 18 U.S.C. § 3553(b) ("to afford adequate deterrence to criminal conduct"). Thus, a sentence of 14 months imprisonment with no term of supervision to follow, as agreed upon by the parties, is sufficient but not greater than necessary to punish and deter Poore's conduct in violating his supervised release.

## IV.

Accordingly, for the reasons stated herein, the Court **RECOMMENDS**:

(1) Poore be found guilty of all violations;

(2) Revocation with a term of incarceration of fourteen (14) months; and

(3) No term of supervision to follow.

Poore preserved his right of allocution. [DE 137; DE 152]. Absent a waiver of allocution, this matter will be placed on Judge Caldwell's docket for an allocution hearing upon submission.

The Court directs the parties to 28 U.S.C. § 636(b)(1) for appeal rights concerning this recommendation, issued under subsection (B) of the statute. *See also* 18 U.S.C. § 3401(i). As defined by § 636(b)(1), within 14 days after being served with a copy of this recommended decision, any party may serve and file written objections to any or all portions for consideration, *de novo*, by the District Court. Failure to make a timely objection consistent with the statute and rule may, and normally will, result in waiver of further appeal to or review by the District Court and Court of Appeals. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981).

Entered this 27th day of May, 2020.



Signed By:
Matthew A. Stinnett   MAS
United States Magistrate Judge