UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
AT LEXINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA, | CRIMINAL ACTION NO. 5:15-80-KKC-MAS-2 |
| Plaintiff, | |
| V. | OPINION AND ORDER |
| SAMUEL ERIC POORE, | |
| Defendant. | |

\*\*\* \*\*\* \*\*\*

This matter is before the Court on Defendant's motion. On June 11, 2020, Defendant Samuel Eric Poore was sentenced to 14 months imprisonment pursuant to a judgment for revocation of supervised release. (DE 160.) On June 30, 2020, Defendant filed a motion with the Court. (DE 161.) Portions of the motion are illegible; however, Defendant appears to request either placement in a residential reentry center ("halfway house") or a modification of his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A), commonly referred to as a motion for compassionate release. (DE 161.)

As an initial matter, the extent to which Defendant requests that the Court modify his sentence to allow him to serve his remaining term of imprisonment at a halfway house or in home confinement, the Court has no authority to do so. The Bureau of Prisons is the entity that has the authority to designate the place of a prisoner's imprisonment, not the Court. 18 U.S.C. § 3621(b); *United States v. Townsend*, 631 F. App'x 373, 378 (6th Cir. 2015). The Court would have no objection to any such relief that the BOP may find appropriate.

1

18 U.S.C. § 3582(c)(1)(A) allows a court, upon a proper motion, to modify a term of imprisonment and grant what is commonly referred to as "compassionate release." Prior to the First Step Act, PL 115-391, 132 Stat 5194 (Dec. 21, 2018), a motion for compassionate release could only be brought by the director of the Bureau of Prisons, not the defendant. *See* 18 U.S.C. § 3582(c)(1)(A) (2017). The First Step Act amended § 3582(c)(1)(A) to allow a defendant to file a motion for such relief on his own, but only if he has first "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf" or if 30 days have lapsed since the warden of the defendant's facility received the defendant's request to file a motion on his behalf, whichever is earlier. 18 U.S.C. § 3582(c)(1)(A); PL 115-391, 132 Stat 5194 § 603 (Dec. 21, 2018). The Sixth Circuit has recently reaffirmed that a judge cannot make any exceptions to the requirement that prisoners comply with the statutory conditions prior to being granted court relief, because "[n]othing in § 3582(c)(1)(A) suggests the possibility of judge-made exceptions." *United States v. Alam*, 960 F.3d 831, 834 (6th Cir. 2020).

Defendant makes no reference to any request that he has made to the warden of his facility bring a compassionate release motion on his behalf, any denial of such a request, nor any effort to appeal such a denial. Because the Court cannot find that Defendant has exhausted his administrative rights, it may not grant the relief that he seeks. *See Alam*, 960 F.3d at 834.

Accordingly, the Court hereby ORDERS that Defendant's motion (DE 161) is DENIED.

Dated July 15, 2020



KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY